# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>THE RESIDENCE LOCATED AT 1122 SUN HAVEN DRIVE, HUGO, OKLAHOMA, 74743, INCLUDING ANY AND ALL BUILDINGS, SHEDS, GARAGES, OUTHOUSES, STRUCTURES, VEHICLES, AND BOATS ON ITS PROPERTY AND CURTILAGE | Case No.   24-MJ-218-JAR |

## APPLICATION FOR SEARCH WARRANT

I, Rebecca Davison, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA**:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal:

**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of Title 18, United States Code, Sections 922(o) and 922(d)(1), and Title 26, United States Code, Section 5861(d), and the application is based on these facts:

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Rebecca Davison*
REBECCA DAVISON, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to on:

Date:   7/8/2024

*Judge's signature*
**JASON A. ROBERTSON**
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and state:   Muskogee, Oklahoma

### AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, Rebecca Davison, being duly sworn, deposes and states as follows:

### INTRODUCTION AND INVESTIGATOR BACKGROUND

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) within the meaning of 18 U.S.C. § 3051, and as such, am an officer of the United States who is authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States. I have been employed by ATF since December 2020. In 2021, I completed the Criminal Investigator Training Program required by the ATF to be an ATF criminal investigator. I also completed the Special Agent Basic Training Academy required by ATF for all special agents employed by ATF. In connection with my official duties as an ATF Special Agent, I investigate criminal violations of federal firearms laws, federal explosives laws and federal narcotics laws. I have further worked alongside other experienced investigators in relation to firearms and narcotics investigations.

2.      As an ATF Special Agent, I know through training that most individuals who purchase firearms retain certain documents relating to those purchases, such as sales receipts, factory warranties, and cancelled checks, among their personal papers in their residence or where they store their personal property. These individuals also maintain financial records, such as but not limited to bank account information, savings account information, and ledgers documenting their financial activities. I also know individuals who are being criminally negligent will hide firearms, ammunition and receipts/invoices related to the acquisition and disposition of firearms in all areas of their property, which includes, but is not limited to residences, outbuildings, appurtenances, and vehicles. Furthermore, individuals who possess illegal weapons will conceal them to keep from being detected by law enforcement.

3. For the reasons set forth below, I respectfully submit that there is probable cause to believe that the property that is the subject of this search warrant includes evidence of the following offenses: Title 18 U.S.C. § 922(o)—Unlawful possession of a machinegun, Title 18 U.S.C. § 922(d)—Unlawful disposition of a firearm to a prohibited person, and Title 26, U.S.C. § 5861(d), Unlawful possession of a firearm which is not registered to them in the National Firearms Registration and Transfer Record (NFRTR).

## PROBABLE CAUSE

4. On May 6, 2024, ATF Muskogee Field Office learned through a Confidential Informant (CI) that a subject identified as Chayse Beard (hereinafter "**BEARD**") had a Glock with a machinegun switch for sale. Ja'Darious SCROGGINS, a convicted felon, stated that **BEARD** would sell the CI a Glock with a machinegun conversion device (MGCD) for $1,500. Durant Police Department (DPD) utilized a CI to arrange to give SCROGGINS a ride to **BEARD's** residence to purchase the Glock with a MGCD from **BEARD**. **BEARD**, a confirmed Choctaw Nation tribal member, is not prohibited from possessing firearms. The CI met SCROGGINS at SCROGGINS' residence in Boswell, Oklahoma, located near 1008 Hunter Road (GPS coordinates 34.026925, -95.862975), within the Eastern District of Oklahoma. They then traveled to Hugo, Oklahoma, and SCROGGINS stated **BEARD** was also going to trade him a 30 round .22mag pistol for a revolver that SCROGGINS had. SCROGGINS discussed with the CI about knowing how the machinegun shot more than one bullet at a time. He further stated that **BEARD** shot someone when he was 13 years old. SCROGGINS navigated the CI to a residence located at **1122 Sun Haven Drive in Hugo, Oklahoma**, within the Eastern District of Oklahoma. SCROGGINS couldn't get in touch with **BEARD** and they returned to SCROGGINS' residence. The CI left SCROGGINS' residence and returned to a predetermined location. The CI and his/her vehicle

were searched before and after the transaction; and the attempted purchase was monitored and documented with an audio recording device.

5.     On May 15, 2024, DPD utilized a CI to make a controlled purchase of a Glock with a MGCD from **BEARD** through SCROGGINS. The CI contacted SCROGGINS through messages on SCROGGINS' Snapchat account "rscjuice." SCROGGINS contacted the CI through Snapchat messaging and stated **BEARD** had the machinegun. He previously informed the CI the Glock handgun was $500 and the MGCD was $1,000. The CI met SCROGGINS at SCROGGINS' residence located near 1008 Hunter Road (GPS coordinates 34.026925, -95.862975), Boswell, Oklahoma, within the Eastern District of Oklahoma. SCROGGINS rode with the CI in the passenger seat and SCROGGINS directed the CI to **BEARD's** residence, located at **1122 Sun Haven Drive in Hugo, Oklahoma**, within the Eastern District of Oklahoma. SCROGGINS called **BEARD** and told him they were on their way. Upon arriving at the location, **BEARD** opened the front door of the residence and handed the CI one (1) Glock model 19 9mm bearing serial number CAGW767 with a MGCD attached to the rear of the slide in exchange for $1,500. A silver/gray in color Dodge Charger was observed parked in the residence's driveway bearing Choctaw tribal tag 14621CH. The vehicle was registered to **BEARD** at **1122 Sun Haven Drive, Hugo, Oklahoma**. Upon completion of the transaction, they returned to SCROGGINS' residence in Boswell, OK. The CI left SCROGGINS' residence and returned to a predetermined location where the evidence was handed over to investigators. The CI and his/her vehicle were searched before and after the transaction; and the purchase was monitored and documented with an audio recording device, as the video recording device malfunctioned due to storage capacity. An additional video recording device captured SCROGGINS outside of the residence and the vehicle described above.



6.        On May 28, 2024, I caused a query in the National Firearms Registration and Transfer Record (NFRTR) for **BEARD** and discovered he did not have any registered weapons, including a MGCD. A MGCD is a firearm under Title 18 U.S.C. § 921 and is required to be registered in the NFRTR to be lawfully possessed.

7.        On May 30, 2024, I sent photographs of the Glock with the MGCD to the ATF Firearms and Technology Branch (FTB) and learned that the device was a MGCD.

8.        I know that **BEARD** resides at **1122 Sun Haven Drive, Hugo, Oklahoma**, **74743**, within the Eastern District of Oklahoma. As previously mentioned, a controlled purchase of evidence from **BEARD** was conducted at the residence on May 15, 2024. Additionally, **BEARD** listed the address on his Oklahoma driver's license and a vehicle registered to him at this address was observed in the driveway.

## CRIMINAL HISTORY

9.      Chayse **BEARD** does not have a record in the National Crime Information Center (NCIC).

## CONCLUSION

10.     Based on my investigation, Chayse **BEARD** possessed an unregistered machinegun in the Eastern District of Oklahoma. **BEARD's** Oklahoma driver's license lists **1122 Sun Haven Drive, Hugo, Oklahoma**, **74743**, as his residence address. Since this affidavit is being submitted for the limited purpose of enabling a judicial determination of whether probable cause exists to justify the issuance of a search warrant for the described premises, I have not included every fact known concerning this investigation to me and others involved in this matter. I have set forth only the facts that I believe are essential to establish the necessary foundation for a search warrant ordering the search of the described premises.

11.     Based upon my training and experience, and the facts set forth herein, I believe there is probable cause to believe Chayse **BEARD** has violated Title 18 U.S.C. § 922(o)—Unlawful possession of a machinegun, Title 18 U.S.C. § 922(d)—Unlawful disposition of a firearm to a prohibited person, and Title 26, U.S.C. § 5861(d), Unlawful possession of a firearm which is not registered to them in the National Firearms Registration and Transfer Record (NFRTR), and that there is probable cause to search **1122 Sun Haven Drive, Hugo, Oklahoma,** the residence of **BEARD** to include all storage places, safes, garages, structures and any automobiles which may be found within the curtilage of said suspected premises as more fully described in Attachment "A."

12.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises described in Attachment "A" for the things described in Attachment "B."

Respectfully submitted,

*Rebecca Davison*

Rebecca Davison, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to on July __8__, 2024:

_____
UNITED STATES MAGISTRATE JUDGE

6

# ATTACHMENT A

The place to be searched is **1122 Sun Haven Drive, Hugo, Oklahoma**, **74743**, Eastern District of Oklahoma, to include all storage places, safes, garages, structures and any automobiles which may be found within the curtilage of said suspected premises. The place to be searched is described as a red brick single family residence. The garage is tan in color. The residence faces south.

GPS coordinates: 33.999593, -95.528879





7

## ATTACHMENT B

## ITEMS TO BE SEIZED

1. Any and all firearms and ammunition. Any items pertaining to the possession, ownership and/or disposition of any firearm, to include but not limited to gun cases, ammunition, shell casings, ammunition magazines, holsters, spare parts for firearms, photographs and video tapes of firearms or person(s) in possession of firearms, acquisition or ownership documents, and receipts for the purchase and for repair of all of these items.

2. Any and all machine gun conversion devices.

3. Records to establish the persons who control, possess, and have custody or dominion over the property searched and from which evidence is seized, to include but not limited to: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, financial documents, keys, photographs, leases, mortgage bills and telephone answering machine introductions and messages, and all records related to telephone records.

4. Personal books, and papers reflecting, names, addresses, telephones numbers, and other contact or identification data relating to the acquisition and possession of firearms.

5. Cellular telephones used to facilitate the acquisition, possession and sale of firearms, along with computers, lap-tops, other cellular telephones, I-Pads, tablets, or other electronic media.